Nott, J.
The question involved in this case may be considered as settled in the case of the State vs. Larumbo, (Harper's Rep, 188.) The only difference between the two *189 cases is, that in that case, Cassada who was indicted with Earnmbo and found guilty of petit larceny had acquiesced in the conviction, and received the punishment; Larumbo who appealed on the same ground which is now taken, obtained a new trial. The reasons on which the new trial was granted although not detailed in the opinion, I think, are obvious and well supported by authority. Grand larceny consists in the stealing of money or goods to the value of twelve pence or more, petit larceny in stealing any thing within that sum. Two persons equally concerned in stealing the same article cannot be guilty of different offences. For although a j.'ry have an almost unlimited power of valuing stolen property ai what they please, so as to bring the case within petit larceny, they cannot value it at one price in the hands of one man and at another price in the hands of another, who are equally concerned in the transaction, for the purpose of subjecting one to a greater punishment than another; and, although, they may value property which is laid in the indictment to be worth twenty shillings, at sixpence only, and thereby convict the party accused of petit larceny; yet if the property stolen is laid in the indictment to be worth only sixpence, they cannot by any subterfuge or legal fiction find him guilty of grand larceny. So when they have themselves estimated the goods stolen to be of less value than a shilling, by convicting one of the party of petit larceny, they cannot convict the other of grand larceny, who had only participated in the same theft; for the goods having been found of less value than twelve pence, they are not the subject of grand larceny. The prisoners have either been guilty of two distinct offences, and, therefore, ought not to have been indicted together, or they have been guilty of the same crime and should have been convicted of the same. The verdict, therefore, in either view is inconsistent and must be set aside. The same principle prevails in burglary and for the same reasons. If one be convicted of larceny only, it repels the idea of the goods having been stolen in the night, *190 and therefore the other cannot have committed burglary- Irj. petit-treason and murder, the law is otherwise. There can be no treason where there is no allegiance. The same act constitutes a different offence, according to the relation in which the accused stands to the deceased; one may, therefore, be convicted of treason, and the other of murder. On an indictment for murder also, one may be convicted of murder, and the other of manslaughter. The character of the offence depends so much upon the circumstances of the transaction and the motives and inducement of the parties engaged in it that the jurors are authorized to discriminate between their respective degrees of guilt. But there can be no difference in the degrees of guilt, when the nature of the ©ffence-depends upon the value of the property or the time when it Was taken. It may be said that Davis who has been convicted of petit larceny only, has no right to complain; for if he has been guilty of any crime, it cannot be less than that of which he has been convicted; and I think, I should have been of that opinion, if the testimony had been such as to have authorized his conviction even of that offence. But as to him 1 think the verdict is clearly without evidence.
The motion for a new trial must, therefore, be granted.